## UNITED STATES

### v.

## ONE 1951 PLYMOUTH 4–DOOR SEDAN.

### Civ. No. 5953.

United States District Court,
W. D. Oklahoma.
April 1, 1954.

B. Andrew Potter, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Charles E. Dierker, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The government filed a Libel of Information (and Warrant and Monition) against the defendant automobile and alleged that said automobile was used by its owner, Jack W. Woody, to deliver liquor at a time when said owner did not possess a retail liquor special tax stamp

as required by law. The intervenor, R. F. Campbell Finance Company,[1] resists the government's petition for forfeiture upon the basis that the owner of the defendant car did in fact hold a special tax stamp, even though the stamp carried the owner's former business address.[2]

The sole issue in the instant case is whether the special tax stamp issued to Woody in July of 1952 for the business located at 1537 S.W. 41st Street, Oklahoma City, legalizes Woody's operation at 1148 N. Robinson, Oklahoma City, the place of business of Woody at the time the defendant car was picked up by the federal officers.[3]

It is fundamental that where a retail dealer in liquor does business out of more than one location, a tax stamp must be obtained for each place of business;[4] although, where a dealer moves his place of business he need not purchase a new stamp, if within thirty days from the time he opens for business at the new location he makes a proper application for transfer with the collector.[5]

1. Campbell is the mortgagee on the defendant car, as evidenced by a note and mortgage in the amount of $1984.50 executed on July 8, 1952, by J. W. Woody.

2. The evidence indicates that Woody was the owner of an unexpired special tax stamp (No. 75167) which had been issued in July, 1952, to authorize the doing of business at 1537 S.W. 41st Street, Oklahoma City, Oklahoma.

3. Woody was arrested on June 3, 1953. The defendant automobile was used to make liquor deliveries from 1148 N. Robinson on May 28, 1953 and June 3, 1953. The intervening mortgagee makes no contention that he made the statutory inquiry under 18 U.S.C.A. § 3617(b) (3) and is entitled to remission; further, the evidence indicates that at the time the loan in question was made by the intervenor to Woody, Woody did bear a "record and reputation" for being a liquor law violator.

4. "The payment of the special tax imposed shall not exempt from an additional special tax the person carrying on a trade or business in any other place than

that stated in the collector's register; * * *." 26 U.S.C.A. § 3278.

5. "* * * And when any person removes from the house or premises for which any trade or business was taxed to any other place, he may carry on the trade or business specified in the collector's register at the place to which he removes, without the payment of any additional tax: Provided, That all cases of * * * change, or removal, as aforesaid * * * of the person making such change or removal, shall be registered with the collector, under regulations to be prescribed by the Commissioner." 26 U.S.C.A. § 3280.

The pertinent portion of the U. S. Treasury Department Regulations 20 (As amended through April 30, 1949) provide: "Article XI.—CHANGE OF LOCATION SEC. 194.56 * * * (a) A special-tax payer who, during the taxable period for which special tax was paid, removes his business to a place other than that specified in his original return on Form 11, and stated on his special tax stamp, must register the change with the collector from whom the

The statement given by Woody and introduced into evidence indicates that Woody and his partner had been in the liquor business some three months prior to the time of the arrest in question on June 3, 1953; that they had first operated at 1829 N.W. 6th Street and had subsequently (some three weeks prior to their arrest) moved to 1148 N. Robinson, their place of business at the time of their arrest.

Although a retail dealer in liquor can change his place of business and operate with impunity for thirty days where he is the owner of an unexpired special-tax stamp, he must within the thirty days after beginning business at the new location advise the collector of his change of address and have the new address endorsed on his special tax stamp or become liable for the tax as of the first day of the month in which he began business at the new location.[6]

Inasmuch as the owner of the defendant car had carried on the business of a retail liquor dealer at an address new and different from that shown on the issued special tax stamp for more than thirty days without obtaining a transfer of such tax stamp, as required by the regulation, such liquor operation was unlawful at the time the defendant car was used on May 28th and June 3rd in such business; and, such car is subject to forfeiture.[7]

Counsel should submit a journal entry to conform with this memorandum opinion within ten days.

special tax stamp was purchased, within 30 days after he begins to sell or offer for sale liquors at the new location, by executing a new return on Form 11, designated as "Amended Return," setting forth the time when and the place to which such removal was made, and shall surrender the special tax stamp to the collector for endorsement of the change in location. (b) When a special-tax payer removes his business to another address within the same collection district, the collector will enter on his Record 10 the new address and the date of removal, and will note the change on the face of the special tax stamp, stating clearly thereon the new location where said business is to be carried on, and will return the special tax stamp to the taxpayer. * * * (d) A person who removes his place of business and fails to register such removal with the collector, within 30 days after he begins to sell or offer for sale liquors at the new location, will be liable to special tax at the new location computed from the 1st day of the calendar month in which he began business at the new location."

6. See Regulation Art. XI, Sec. 194.56, ibid, paragraph two; particularly, subsections (a) and (d).

